T.C. Summary Opinion 2011-130

UNITED STATES TAX COURT

LORI MENEFEE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25050-09S.          Filed November 21, 2011.

Lori Menefee, pro se.

<u>Brandon S. Cline</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued a notice of deficiency to petitioner in which he determined a deficiency of $2,305 for 2007. The issue for decision is whether petitioner had income as reported to the Internal Revenue Service on Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.[1]

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner resided in Alabama when she filed her petition.

Petitioner's mother was an educator who invested for retirement in a section 403(b) employee annuity plan (the 403(b)) through the Hartford Board of Education. The 403(b) was managed by ING Life Insurance & Annuity Group (ING). Petitioner was listed as one of the beneficiaries of the 403(b).[2] Petitioner's

---

[1]Respondent also included unreported wage income of $7, interest income of $128, and dividend income of $571 in petitioner's gross income. Petitioner did not address these items of unreported income in her petition or at trial; therefore, the Court deems these issues conceded. See Rule 34(b)(4).

[2]Petitioner was entitled to 33.3 percent of the death benefit payable from the 403(b). The names of the other beneficiaries are not part of the record.

mother died on November 11, 2006. On November 27, 2007, petitioner requested that her portion of the death benefit, $19,801, be distributed to her. On the request form petitioner checked the option to receive a cash withdrawal payable to her and mailed to her address. She indicated on the form that she did not want any Federal or State taxes withheld from the distribution. ING issued petitioner a check on November 28, 2007.

On December 6, 2007, petitioner cashed the check mailed to her from ING. On March 3, 2008, petitioner set up an individual retirement account (IRA) with Morgan Stanley Smith Barney, L.L.C. (Smith Barney), into which she deposited $19,734 of the distribution.

Petitioner timely filed her 2007 Federal income tax return but did not include the 403(b) distribution of $19,801 in her gross income.

Respondent issued petitioner a notice of deficiency that includes the unreported 403(b) distribution in petitioner's gross income.

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290

U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioner did not argue or present evidence that she satisfied the requirements of section 7491(a).

If an information return, such as a Form 1099-R, is the basis for the Commissioner's determination of a deficiency, section 6201(d) may apply to shift the burden of production to the Commissioner if in any court proceeding the taxpayer asserts a reasonable dispute with respect to the income reported on the information return and the taxpayer has fully cooperated with the Commissioner. See McQuatters v. Commissioner, T.C. Memo. 1998-88. As discussed infra, petitioner has failed to assert a reasonable dispute with respect to the income reported on the Form 1099-R. Thus there is no burden shift under section 6201(d).

Gross income includes all income from whatever source derived. Sec. 61(a). Annuities are specifically included in gross income. Sec. 61(a)(9). In general income is taxable in the year in which it is received. See sec. 451(a). Congress has provided specialized rules in the employee plan area. With respect to a qualified annuity contract described in section 403(b)(1): "The amount actually distributed to any distributee under such contract shall be taxable to the distributee (in the

year in which so distributed) under section 72 (relating to annuities)." See sec. 403(b)(1) (flush language).

The statute does not define "distributee" as used in section 403(b)(1); neither do the regulations. The Court has concluded that a distributee of a distribution under a plan ordinarily is the participant or beneficiary who, under the plan, is entitled to receive the distribution. See Darby v. Commissioner, 97 T.C. 51, 58 (1991); Estate of Machat v. Commissioner, T.C. Memo. 1998-154; Smith v. Commissioner, T.C. Memo. 1996-292. Petitioner was a beneficiary of and entitled to a distribution from the 403(b). Therefore petitioner is a distributee of the 403(b).

Any transfer of the distribution to an eligible retirement plan made by the distributee within 60 days of receipt of such amount "shall not be includible in gross income for the taxable year in which paid." See secs. 403(b)(8), 402(c)(3). A taxpayer may also exclude the distribution from gross income if a trustee-to-trustee transfer is effected. Secs. 403(b)(8)(B), 402(c)(11)(A)(i).

Petitioner requested that a check be sent to her from ING for the amount of the death benefit to which she was entitled. Approximately 90 days after receipt of the distribution, petitioner deposited most of it with Smith Barney. Petitioner's transfer falls outside the 60-day period allowed by the statute. Because petitioner requested that the check from ING be sent

directly to her, no amount of the distribution was a trustee-to-trustee transfer.  Therefore, the entire distribution is gross income to petitioner for 2007.  Respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.